Edna HOWARD, Plaintiff,

v.

Herby WEATHERS, Jr. and American Postal Workers Union, AFL–CIO, Chicago Local, Defendants.

No. 94 C 3851.

United States District Court, N.D. Illinois, Eastern District.

March 14, 1997.

J. Peter Dowd, Robert E. Bloch, Linda Wyetzner, Anne L. Hunter, Dowd & Bloch, Chicago, IL, for Edna Howard.

Chester L. Blair, Blair & Cole, Chicago, IL, for Herby Weathers, Jr., American Postal Workers Union, Chicago Local.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case is about the attempts of a member of the defendant union, Edna Howard, to have a former member who had been expelled from the union reinstated. William Kinslow was a union activist who at one time was an officer of the defendant American Postal Workers Union, AFL–CIO, Chicago, Local[1]. In 1992, following a lawsuit by him against the union, he was expelled from membership. Ms. Howard attempted to call a special meeting of the union pursuant to the union constitution, which requires that the union call such a meeting within seven days after petitions are submitted from five percent of the union membership. Her purpose in seeking the meeting was to have a vote on Mr. Kinslow's reinstatement. After

---

1. The president of the union, Herby Weathers, Jr., is also named as a defendant. In this opin- ion both defendants will be referred to as "the union."

several unsuccessful attempts at getting the union to call such a meeting, she filed this lawsuit.

Following discovery and motions, two issues remained for trial. One was whether the union gave adequate notice to Ms. Howard and her supporters of a special meeting called during the pendency of this lawsuit. The second was whether the union improperly refused to allow plaintiff and her supporters to vote on items listed on her proposed agenda.[2]

■ At trial both parties presented evidence. Based on the evidence, including my judgment as to the credibility of various witnesses, I conclude that notice of the meeting was posted adequately. Certainly Ms. Howard learned of the meeting ahead of time from calls from two persons who knew about it. Other evidence credibly established that notice was posted in various places. I also note that the provision of the union constitution relied upon by Ms. Howard requires that a special meeting be called within seven days of receipt of the written request by five percent of the union membership. While that provision is subject to interpretation—does it mean the president must set the meeting for a date within seven days or simply act to set a date sometime in the future within seven days?—plaintiff apparently has interpreted it as requiring that the meeting be held within seven days, and no one has introduced evidence to show that this is not the intended meaning of the provision. If so, necessarily there will not be a lot of notice. Finally, no witness testified that he or she would like to have been at the meeting but was prevented from being there by the absence of adequate notice. In that regard,

Ms. Howard testified that the people on whom she would be relying to support her agenda do not come to the regular monthly meetings either. That fact is at least consistent with the conclusion that the reason Ms. Howard's supporters were not at the special meeting in question is because they chose not to be there, and not because they did not have notice of the meeting.

. At the meeting, a vote was taken on only one of the nine items listed on the agenda attached to the petitions calling for the special meeting. That item sought a vote to approve payment by the union of Ms. Howard's attorneys' fees in this suit. The membership voted overwhelmingly against payment, with Ms. Howard and two other persons voting in favor of the motion. In her testimony, Ms. Howard stated that the other item on which she requested a vote was the agenda item requesting the reinstatement to union membership of William Kinslow. Mr. Kinslow had been expelled from the union pursuant to Article XIV of its constitution on charges that he had engaged in conduct that would expose the union to civil liability. (Mr. Kinslow agreed that he previously had sued the union, seeking $1,000,000 in damages.)

The question is whether Ms. Howard had a legal right to a vote on Mr. Kinslow's reinstatement. The union's position is that Mr. Kinslow had a right to a hearing at the time he was charged with violating the union's constitution, and appeal rights, and that he chose not to attend the hearing. Subsequently, at a general membership meeting, Mr. Kinslow was expelled for life. The union says its interpretation of its constitution is that Mr. Kinslow has no right to have a later vote by the membership on his reinstatement

**2.** Defendant argued at trial that petitions circulated for the meeting in question as well as earlier meetings were invalid. However, defendant had earlier defended, and sought dismissal of this case, on the basis that it had held the special meeting pursuant to plaintiff's petition. On the basis of this representation, I set trial limited to the question of whether the meeting in January, 1995 fulfilled defendant's obligations to plaintiff. (Necessarily at issue as well was the question of whether defendant called other special meetings pursuant to its Constitution. At trial there was no evidence presented to show that the defendant did not call special meetings

as required by its Constitution when requested in the past.) I find that defendant thereby waived any alleged defects in the petitions. Plaintiff seeks other determinations as well: that the union improperly failed to call a special meeting earlier and that President Weathers improperly refused to call on her and a supporter at various general meetings. In view of this opinion, and Ms. Howard's admission that the purpose of each of her petitions and her attempts to be heard at various times was to seek a vote on Mr. Kinslow's readmission to the union, those claims are now moot.

and that this court must defer to its interpretation of its own constitution, at least where, as here, its interpretation is not unreasonable. The union's legal position is supported by 29 U.S.C. § 158(b)(1)(A), which provides that a labor organization can "prescribe its own rules with respect to the acquisition or retention of membership." There are statutory limitations on a union's ability to expel a member, see 29 U.S.C. § 402(o), but there is no contention in this lawsuit that the union constitution does not comply with this provision, nor that Mr. Kinslow was not afforded the rights provided by that statute and the union constitution. Ms. Howard's position apparently is that since the union constitutional provision on expulsion provides that certain activities (being a member of a "Fascist, Nazi, or Communist group or organization whose aims or purposes are anti-racial or anti-trade union," etc.) shall result in permanent expulsion, and nothing is said about the permanence of expulsion for other forbidden activities, it is unreasonable for the union to interpret its constitution to prevent its members from voting on reinstatement of a member expelled for some other activity. However, the members of the union in this case voted to expel Mr. Kinslow permanently. Presumably the question of whether that disciplinary action should be temporary or permanent was debated at the time of his expulsion (or could have been if anyone had challenged it—there is actually very little information in the record about that meeting and vote). There is nothing unreasonable in deciding that other conduct may merit permanent expulsion. Similarly, it is not unreasonable for a union to decide that its members' decision should be final, subject to whatever appeal rights the expelled member may have. Although another interpretation of either decision is possible, and might also be reasonable, court review of a union's interpretation of its own constitution is limited to determining whether that interpretation is reasonable. *Taylor v. Great Lakes Seamen's Union, Local 5000*, 701 F.2d 590, 592 (6th Cir.1983).

## CONCLUSION

For the reasons stated in this opinion, which shall constitute my findings of fact and conclusions of law, judgment is entered in favor of defendants Herby Weathers, Jr. and American Postal Workers Union, AFL–CIO, Chicago Local, and against plaintiff Edna Howard.